FILED
SUPERIOR COURT
OF GUAM

2018 FEB -9 PM 4: 22

CLERK OF COURT

By: _____

## IN THE SUPERIOR COURT
## OF GUAM

ROY T. QUINTANILLA, *et al.*,

             Plaintiffs,

    vs.

ARCHBISHOP OF AGANA, a Corporation Sole, *et al.*,

             Defendants

Case No. CV0552-16

**DECISION & ORDER**

## INTRODUCTION

This matter came before the Honorable Michael J. Bordallo on Defendant Archbishop of Agana's Motion to Dismiss. Attorney John Terlaje represents Defendant Archbishop of Agana ("Archbishop"),[1] and Attorney Jacqueline Terlaje represents Defendant Anthony Apuron ("Apuron"). Attorney David Lujan represents Plaintiffs Roy Quintanilla, Walter Denton, Roland Sondia, and Doris Concepcion. Having reviewed and considered the moving papers, arguments, record, and applicable law, the Court issues the following Decision and Order denying in part and granting in part Defendant Archbishop of Agana's Motion to Dismiss.

## BACKGROUND

This matter arises out of Plaintiffs' July 1, 2016 Complaint, in which Plaintiffs accused Defendants Archbishop and Apuron of libel and slander. Plaintiffs subsequently filed a First

---

[1] Attorney Jeffrey Cook represented Defendant Archbishop prior to Attorney John Terlaje's substitution on November 8, 2017. Attorney Cook filed the Motion to Dismiss on behalf of Defendant Archbishop.

Amended Complaint on July 19, 2016. On September 12, 2016, Defendant Archbishop filed the present Motion to Dismiss. On the same day, Defendant Apuron joined in the motion. Defendant contends primarily that the statements that formed the basis for Plaintiffs' defamation claims are non-actionable because they are privileged as responsive denials made in self-defense. Mot. at 7. Additionally, Defendant asserts that the slander cause of action must be dismissed because Plaintiffs fail to allege the essential statutory element of special damages. Plaintiffs filed an Opposition in response to the motion on October 28, 2016. Plaintiffs argue that Defendant's statements exceed mere denials or opinions and are thus, actionable. Opp'n at 2-3. Defendant Archbishop filed a reply on November 14, 2016, maintaining its position that its responsive statements are privileged and non-actionable. After several judges were disqualified from presiding over this matter, it was assigned to this Court on March 2, 2017. At a status hearing on August 9, 2017, over the objection of Attorney Jacqueline Terlaje, the Court issued a temporary stay in this matter pending developments in mediation and settlement discussions. On December 5, 2017, the Court heard oral arguments on the motion and subsequently took the matter under advisement.

## ISSUES

1. Whether Defendant's statements are protected by the privileges of reply or self-defense.
2. Whether Plaintiffs must allege special damages in their cause of action for slander.

## FACTS

1. On May 17, 2016, Plaintiff Roy Quintanilla held a recorded press conference in front of the Archdiocese of Agana Chancery Office in Hagatna, Guam where he asserted that Defendant Apuron molested him when he was 12-year old altar server at the Agat Parish where Defendant Apuron served as a priest.
2. On the same day, Defendant Apuron, in his capacity as Archbishop of Agana, released a video statement denying all allegations of sexual abuse made by Plaintiff Quintanilla and characterizing the accusations as false.

3. On May 30, 2016, Doris Concepcion provided a recorded interview to the media in which she stated that her deceased son, Joseph Quinata, revealed to her that Defendant Apuron molested him when he served as an altar server at the Agat Parish.

4. On May 31, 2016, Defendant Apuron denied Concepcion's allegations and stated that they were false. In a media release, Apuron claimed that "another malicious and calumnious accusation" had surfaced from "the mother of a man who has been deceased for eleven years."

5. On June 7, 2016, Plaintiff Walter Denton claimed at a recorded press conference that Defendant Apuron raped him when he was a 13-year old altar server at the Agat Parish. Defendant Apuron did not respond to this statement.

6. On June 15, 2016, Plaintiff Roland Sondia claimed that Defendant Apuron sexually abused him when he was a 15-year old altar server at the Agat Parish. Apuron did not respond to this accusation.

## PRINCIPLES OF LAW

### Motion to Dismiss and the Qualified Privilege of Reply or Self-Defense

Dismissal for failure to state a claim upon which relief can be granted is "not proper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." First Hawaiian Bank v. Manley, 2007 Guam 2 ¶ 9 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (internal quotations omitted). Under this standard, the Court "must construe the complaint in the light most favorable to the Plaintiff" and "take the facts asserted therein as true." Gibson v. Boy Scouts of America, 360 F.Supp.2d 776, 780 (D. Va. 2005). However, the Court need not accept legal conclusions cast as factual allegations. Kowal v. MCI Communications Corp., 19 F.3d 1271, 1276 (D.C. Cir. 1994).

Many courts recognize the rule of self-defense from libel or slander. See, e.g., Cartwright v. Herald Pub. Co., 68 S.E.2d 415, 417 (S.C. 1951); Phifer v. Foe, 443 P.2d 870, 871 (Wyo. 1968); Novecon Ltd. v. Bulgarian-American Enterprise Fund, 190 F.3d 556, 566 (D.C. Cir.

1999). Under this rule, "statements made in an honest endeavor to vindicate one's character or to protect one's interests are usually regarded as qualifiedly privileged, even though they are false, if they are made in good faith and without malice." Cartwright, 68 S.E.2d at 417 (citing 33 Am. Jur. 133, 134, Libel and Slander). However, such a defensive communication will lose its privileged character if the statement goes "beyond the scope of the original attack or indulges in language that is unnecessarily defamatory." Id.

"A motion to dismiss on grounds that the alleged defamatory statement is privileged should only be granted if the privilege is an absolute one and should not be granted when a conditional privilege is asserted." Woodruff v. Trepel, 725 A.2d 612, 617 (Md. Ct. Spec. App. 1999) (quoting Leese v. Baltimore County, 497 A.2d 159, 176-77 (Md. Ct. Spec. App. 1985) (overruled on other grounds)); see also McNamee v. Clemens, 762 F.Supp.2d 584, 608 (explaining that "[a] claim of privilege is an affirmative defense, which, if applicable at all, is far better suited to a motion for summary judgment than a motion to dismiss for failure to state a claim."). Conditional or qualified privileges are affirmative defenses and are to be raised in a defendant's answer. Wilcox v. Neward Valley Cent. School Dist., 74 A.D. 3d 1558, 1562 (N.Y. App. Div. 2010). The Wilcox court explained the procedural implications of a motion to dismiss based on a qualified privilege:

> Notwithstanding defendants' assertion to the contrary, dismissal of plaintiff's slander claim on the basis of qualified privilege is not appropriate at this juncture. A claim of qualified privilege is an affirmative defense to be raised in defendants' answer and does not lend itself to a preanswer motion to dismiss. Rather, defendants must plead the privilege as an affirmative defense and thereafter move for summary judgment on that defense, supporting the motion with competent evidence establishing a prima facie showing of qualified privilege. In the event that defendants make such a showing, the burden would then shift to plaintiff to demonstrate that [defendant's] statements were uttered with malice, either under the common law or constitutional standard. By asserting that the allegations of the complaint establish a qualified privilege as a matter of law, defendants attempted to short-circuit that procedure by improperly placing the burden on plaintiff to make competent allegations of malice in anticipation of the affirmative defense.

Id. (internal citations and quotations omitted). Thus, a motion to dismiss based on a qualified privilege should not be granted before the affirmative defense is raised in an answer.

## Pleading Special Damages in Slander Per Quod Cause of Action

Guam's defamation statute for slander is derived from California's Civil Code Section 46. Thus, California decisions interpreting that statute are persuasive sources. See <u>Sumitomo Construction Co., Ltd. v. Zhong Ye, Inc.</u>, 1997 Guam 8 ¶ 5 (explaining that when Guam statues mirror a deriving source, Guam courts characterize authorities interpreting those statutes as persuasive sources). Guam's slander statute provides five instances in which the cause of action may lie:

> *Slander* is a false and unprivileged publication other than libel, which:
> (a) Charges any person with crime, or with having been informed against, convicted, or punished for crime;
> (b) Imputes in him the present existence of an infectious, contagious, or loathsome disease;
> (c) Tends directly to injure him in respect to his office, profession, trade, or business, either by imputing to him general disqualification in those respects which the office or the other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits;
> (d) Imputes to him impotence or want of chastity; or
> (e) Which, by natural consequence, causes actual damage.

19 G.C.A. § 2104. "A slander that falls within the first four subdivision of Civil Code section 46 is slander per se and requires no proof of actual damages. A slander that does not fit into those four subdivisions is slander per quod, and special damages are required for there to be any recovery for that slander.[2]" <u>Regalia v. Nethercutt Collection</u>, 90 Cal.Rptr.3d 882, 886-87 (Ct. App. 2009) (citing <u>Mann v. Quality Old Time Service, Inc.</u>, 15Cal.Rptr.3d 215, 224 (Ct. App. 2004) and 5 Witkin, Summary of Cal. Law (10th ed. 2005) Torts, §§ 552-555, pp. 807-814)).

---

[2] Slander per se is "slander for which special damages need not be proved because it imputes to the plaintiff any one of the following: (1) a crime involving moral turpitude, (2) a loathsome disease (such as a sexually transmitted disease), (3) conduct that would adversely affect one's business or profession, or (4) unchastity (esp. of a woman). Slander per quod, on the other hand, is "slander that does not qualify as slander per se, thus forcing the plaintiff to prove special damages." <u>Black's Law Dictionary</u>, slander (10th ed. 2014).

Under the Guam Rules of Civil Procedure, claims of special damages must be specifically stated. Guam R. Civ. P. 9(g).

"Special damages consist of the loss of something having economic or pecuniary value which must flow directly from the injury to reputation caused by the defamation, not from the effects of defamation, and it is settled law that they must be fully and accurately identified with sufficient particularity to identify actual losses." Matherson v. Marchello, 100 A.D.2d 233, 235 (N.Y. App. Div. 1984) (citing Restatements, Torts 2d § 575, comment b; Lincoln First Bank of Rochester v. Siegel, 60 A.D.2d 270, 280 (N.Y. App. Div. 1977)). Further, the requirement to plead special damages is not satisfied by general allegations of a dollar amount. See id.; see also Jolly v. Academy Collection Service, Inc., 400 F.Supp.2d 851, 863 (D. N.C. 2005) (explaining that special damages are not successfully pled when they are not listed, enumerated, or explained). Thus, in an action for slander per quod, failure to satisfactorily plead special damages warrants the dismissal of the action. See, e.g., Brown v. Barnes, 296 P.2d 739, 741 (Colo. 1956) (en banc); Jolly v. Academy Collection Service, Inc., 400 F.Supp.2d 851, 863-64 (D. N.C. 2005); Donovan v. Fiumara, 442 S.E.2d 572, 574-75 (Ct. App. N.C. 1994); Rich for Rich v. Kentucky Country Day, Inc., 793 S.W.2d 832, 837 (Ct. App. Ken. 1990).

## ANALYSIS

### Motion to Dismiss Libel Claim

Defendant moves this Court to dismiss the libel claims on the basis that the statements are privileged under self-defense. The Court finds that Defendant made these statements in immediate response to serious allegations of sexual abuse. Thus, the Court determines that the statements were made to protect Defendant's interests, and therefore, are entitled to qualified privilege. However, because the privilege of self-defense is a qualified privilege, not an absolute privilege, the Court concludes that dismissal at this juncture is inappropriate. Defendant may raise the qualified privilege as an affirmative defense in his Answer, and may subsequently submit a Motion for Summary Judgment. Raising the affirmative defense on the present Motion to Dismiss improperly places on Plaintiffs the burden of pleading facts that defeat the qualified

privilege before the affirmative defense is pled. Thus, the Court holds that dismissal is not appropriate at this time.

**Motion to Dismiss Slander Claim**

Defendant also moves this Court to dismiss the slander claim on the basis that Plaintiffs failed to allege special damages in their Complaint. Plaintiffs allege that Defendant's May 17, 2016 statement were "of a nature which, by natural consequence, would cause and did, in fact, cause actual damage." First Am. Compl. at 15 (July 19, 2016). This allegation does not fall into one of the four specific subdivisions in the statute and thus, requires reference to additional facts. Accordingly, Court finds that Plaintiffs' cause of action is one of slander per quod and Plaintiffs must allege special damages.

The damages Plaintiffs allege include only "losses to their reputation, shame, mortification, and hurt feelings and losses with respect to their occupations." Id. at 16. Plaintiffs did not allege any specific pecuniary or economic losses caused by Defendant's statements. Thus, the Court finds that Plaintiffs have pled only general damages, not the special damages required for a claim of slander per quod. Accordingly, because Plaintiffs failed to plead special damages, Plaintiffs have failed to state a claim upon which relief can be granted. Therefore, the Court holds that dismissal of the slander claim is appropriate.

\\

\\

\\

\\

\\

## CONCLUSION AND ORDER

For the reasons set forth above, the Court DENIES IN PART and GRANTS IN PART Defendant's Motion to Dismiss. Plaintiffs' claims of libel under 19 G.C.A. § 2103 survive the Motion to Dismiss. However, because Plaintiffs failed to allege special damages, their slander claim under 19 G.C.A. § 2104 is DISMISSED.

SO ORDERED, this ___8___ day of ___Feb.___ 2018.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

J. Terlaje, J.C

Terlaje, Lujan + Wolff

Date: 2·9·18  Time: 4:25pm

_____
Deputy Clerk, Superior Court of Guam